Armstrong *et al. vs.* Cooper.

JAMES C. ARMSTRONG, *et al.*, plaintiffs in error, *vs.* JONATHAN K. COOPER, administrator, &c., defendant in error.

*Error to Peoria.*

A decree entered by consent cannot be appealed from; nor can error properly be assigned upon it. A rehearing in such a case will not be allowed; nor can the decree be set aside by a bill of review.

This was a plea of release of errors, filed by C. BALLANCE, as attorney for the defendant in error. The plea alleges, that the said plaintiffs ought not to have their suit in error, because George T. Metcalfe, intermarried with one of the heirs at law of Lewis Bigelow, and was one of the administrators of the estate of Bigelow, and was, moreover, the attorney and counsellor of said heirs, authorized to settle the affairs of said estate, at his discretion, and that Elihu N. Powell was his surety on the administration bond, and that after the bill was filed, upon which this writ of error is prosecuted, Metcalfe, being authorized as aforesaid, proposed to Ballance, then acting as attorney for complainants, that if he would so amend the bill which he had filed in the Circuit Court against said Metcalfe and the other representatives of Bigelow, deceased, as to release said Powell, and take a decree for a less amount than was claimed by the bill, and would strike out of said bill so much as related to a certain lost mortgage, and would take a decree against certain specified

lots of land, that then he, Metcalfe, would permit the decree to be taken. That Ballance acceded to this proposition, and did then and there, with the consent of Metcalfe, take the decree now sought to be reversed: wherefore, the defendant was precluded from assigning any error upon said decree.

To this plea, N. H. PURPLE, for the plaintiffs in error, filed a demurrer, and assigned several causes of demurrer.

Upon argument, the demurrer was overruled. At a subsequent day in the term, the plea was withdrawn.

Opinion by Mr. Justice CATON:

In the Circuit Court, the bill was taken for confessed, a reference made to a master, upon the coming in and confirmation of whose report, the decree was entered; the record showing no appearance of any of the defendants in the Court below. A part of those defendants now bring the record here by writ of error, and have assigned errors upon it. The defendant in error has filed a special plea, stating, in substance, that the decree of the Circuit Court was, in fact, entered by the consent and agreement of Metcalfe, one of the defendants in the Court below, and who was the attorney of the other defendants in that Court, with due authority to represent them there. To this plea the plaintiffs in error have filed a demurrer, objecting that the party cannot go behind or outside the record, and show that the decree was entered by agreement of the parties, while the record shows that it was entered by default.

A decree which is entered by the agreement or consent of the parties or their counsel, ought more properly to state that fact upon its face. 2 Daniel's Chan. Pl. and Prac., 1214. But we have found no authority for saying that that is indispensable, or that it can only be shown by the record that the decree was so entered. As between the parties to the record, it may well be admitted that nothing can be shown which will contradict it. But here the averment does not contradict the record, but is consistent with it. The agreement was, that certain amendments should be made to the bill, and the complainant should be permitted to take a decree; and that " under the supervision and with the consent of Metcalfe," the counsel for the defendants, the amendments were made and the decree taken.

A decree made by consent cannot be appealed from, nor can error be properly assigned upon it. Even a rehearing cannot be allowed in the suit; nor can the decree be set aside by a bill of review. 1 Barb. Ch. Prac., 373.

This Court being of opinion that this plea does sufficiently allege that the decree was entered by consent, the demurrer will have to be overruled, with costs, and leave given to the plaintiff in error to reply.

*Demurrer overruled.*