EMILY BERT KRIEGER v. GEORGE E. KRIEGER,

and

GEORGE E. KRIEGER v. EMILY BERT KRIEGER.

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

1. COURTS—*court may set aside order during term.* A term of court is regarded in law as one day, and any judgment or decree entered during the term may be set aside or amended by the court, during the same term, of its own motion or for good cause shown, as justice and the right of the case may require.

2. SAME—*appearance of attorney is binding until withdrawal of record by leave of court.* An attorney having entered his appearance of record for a client cannot terminate his relation of attorney until there is a withdrawal of such appearance entered of record by leave of court.

3. SAME—*notice to attorney appearing of record is notice to the client.* Notice to the attorney appearing of record for the defendant, of a motion to vacate an order dismissing the bill, entered at the same term, is notice to the defendant, and the court is not without jurisdiction to vacate the order of dismissal even though the appearance of the attorney is withdrawn at the time set for hearing.

4. SAME—*what does not preclude setting aside order dismissing bill.* The fact that the affidavit of the complainant in support of a motion to vacate an order dismissing her bill shows that the order was entered in pursuance of an agreement, there being nothing in the order itself indicating that fact nor fixing any right of the parties beyond terminating the suit, does not deprive the court of jurisdiction to vacate the order without requiring the filing of an original bill, where the affidavit further shows that the agreement was violated by the defendant.

5. SAME—*when affidavit shows good cause for setting aside an order of dismissal.* An affidavit by complainant in support of a motion to vacate an order dismissing her bill, which shows that the defendant induced her to dismiss her bill by entering into an agreement which he did not intend to keep, shows good cause for vacating the order at the same term, even though it does not show any false representation by the defendant of any existing fact.

6. SAME—*a consent decree can be attacked only by original bill.* A decree entered by solemn agreement of the parties, as shown by the decree itself or by other evidence consistent with the record, can be attacked only by an original bill in the nature of a bill of review.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

CHARLES C. GILBERT, for Emily Bert Krieger.

RUBENS, FISCHER, MOSSER & RIGBY, for George E. Krieger.

Per CURIAM: This is a consolidated cause, consisting of two appeals from the Appellate Court for the First District. One appeal is by Emily Bert Krieger from a judgment of the Appellate Court reversing an order of the circuit court of Cook county by which the circuit court set aside and vacated an order dismissing her bill of complaint against her husband, George E. Krieger, for divorce and re-instating the cause, and reversing a decree of divorce and all other orders entered in said cause except an order of August 13, 1904, and an order allowing an appeal from said last mentioned order. The other appeal is by George E. Krieger from a judgment of the Appellate Court affirming said order of August 13, 1904, by which the circuit court denied and over-ruled his motion to set aside and vacate all the orders and steps taken in the divorce proceeding subsequent to said order dismissing the bill of complaint on June 26, 1903.

The records under review show the following facts: On March 26, 1903, Emily Bert Krieger filed her bill for divorce in the circuit court against her husband, George E. Krieger, and a temporary injunction was granted restraining him from interfering with her control of Eddie Bert Krieger, their son, who was then seven years of age. On April 13, 1903, the appearance of the defendant was entered in said cause by James Lane Allen and George N. Morgan & Bro., as his solicitors, and the temporary injunction was so modified that he could have the custody of the boy on each Sunday from ten o'clock in the morning to four o'clock in the

afternoon, and he was ordered to pay to his wife solicitor's fees and $25 each month for alimony. On May 22, 1903, his answer was filed, signed by himself and by said solicitors as his solicitors and counsel, denying the charge of the bill. On May 25, 1903, a replication was filed. At the June term, on June 26, 1903, the following order was entered: "On motion of complainant's solicitor it is ordered that this cause be and the same is hereby dismissed out of this court without costs." On July 14, 1903, at the same term the complainant moved the court to vacate and set aside the order of dismissal. On July 18, 1903, at the same term the motion was heard. Notice of the motion and the hearing thereof was personally served on James Lane Allen, as solicitor for the defendant, on July 17, 1903, together with a copy of the motion and an affidavit accompanying it and in support of it. The affidavit set forth that about June 8, 1903, complainant's solicitor came to the conclusion that the charge of the bill could not be sustained with the evidence then within his knowledge, on account of a certain witness repudiating statements made before the bill was filed; that thereupon negotiations were opened between the solicitors for the parties for an amicable settlement of the cause; that said negotiations were carried on until June 26, 1903, when the parties, through their solicitors, agreed that the bill should be dismissed and the defendant should have the custody of the child upon one day of each week until a court of competent jurisdiction should at some future time fix the status of the child, but under no circumstances was the child to be kept away from the complainant after dark; that relying upon the agreement the complainant dismissed her bill; that the defendant called at the complainant's residence one or more times, when the child was placed in his custody in accordance with the agreement and was returned in accordance therewith; that on July 8, 1903, the defendant called for the child, and the complainant, believing in his good faith, permitted him to take the child; that complainant received a

letter of the same date saying that defendant had tried to reach her by telephone to say that he and the boy were going on an excursion to Cedar Lake for a day or two, and that he would take good care of the boy and let her know next day at what time he would be back; that she received a postal card next day saying that Eddie wanted defendant to say that he had a very good time and would like to stay another day, and would be home Saturday afternoon; that on July 12 she received another postal card saying that defendant had decided to continue his trip with Eddie for another week and would mail details next week; that these postal cards and the letter were mailed by some other person to quiet complainant's suspicions, and that on July 11 defendant caused some person to telephone complainant that defendant would not return the child Saturday night. It was shown by the affidavit that defendant did not go to Cedar Lake, but went directly to New York City and took the child with him to Neustadt, near Hanover, Germany, where he has since kept him. The court allowed the motion on the facts stated in the affidavit, set aside the order dismissing the cause, reinstated the cause and the injunction, and ordered the defendant to return the child forthwith to the custody and control of the court. The court found that the order dismissing the cause was obtained by fraud, and that defendant was guilty of a fraud upon complainant and his solicitor, James Lane Allen, and the court, and the record exonerates said solicitor from any knowledge of or complicity in the fraudulent conduct of the defendant. Afterward, by direction of the court, a notice was mailed to the defendant at his address in Germany, that the cause would be set down for hearing on April 20, 1904. At the time set for the hearing, James Lane Allen, by leave of court, withdrew his appearance as solicitor for the defendant, and George N. Morgan & Bro., who had signed defendant's answer as solicitors, appeared in his behalf, stating that their appearance at that time was a special and limited one, and they made a motion to discon-

tinue the cause for want of jurisdiction.   The court over-
ruled the motion and heard the evidence offered by the
complainant.   On May 4, 1904, the court entered a final de-
cree finding the defendant guilty of the charge made in the
bill, divorcing the parties and granting to the complainant
the care, custody and control of the child and awarding ali-
mony and solicitor's fees.   The second term after the decree
was entered, the defendant, on August 13, 1904, filed his
written motion to set aside the decree and all orders subse-
quent to the one dismissing the bill, on the ground that the
court had no jurisdiction over the defendant or over the sub-
ject matter of the suit at any time subsequent to such order
of dismissal, and that all steps or proceedings taken in the
case after that time were therefore null and void.   The court
denied the motion, and that is the order of August 13, 1904,
referred to above.   From that order the defendant appealed
to the Appellate Court.

On August 23, 1904, the defendant being in arrears in
the payment of alimony and solicitor's fees adjudged by the
final decree and still keeping the child in Neustadt, Germany,
the court adjudged him guilty of contempt and ordered that
the rights and privileges of the court be denied him until
the further order of the court, but giving him the privilege
of appearing in person, but not otherwise, at the bar of the
court on September 23, 1904, to relieve himself of the con-
tempt.   On August 31, 1904, defendant's solicitors entered
a motion to set aside the order adjudging him in contempt
and the final decree and previous orders.   On September 21,
1904, this motion was denied, but the order as to the con-
tempt was modified by striking out the provision denying the
defendant the privileges of the court.   The court then al-
lowed complainant solicitor's fees for the hearing of that
motion and fees to enable her to defend the appeal previ-
ously taken.   On September 29 a writ of error was sued out
of the Appellate Court to review the record, and the appeal
and writ of error were consolidated.   The Appellate Court

were of the opinion that the circuit court did not act without jurisdiction in setting aside the order dismissing the bill and the subsequent proceeding so as to enable the defendant to have them set aside on motion after the term, and the motion having been made at the second term after the decree was entered, the order of the court denying it was affirmed. But the Appellate Court being also of the opinion that the circuit court erred in setting aside and vacating the order of dismissal and re-instating the cause, reversed that order and all subsequent orders entered in the cause except the one of August 13, 1904, above referred to, and an order allowing an appeal from it.

A term of court, although continuing for weeks or months, is regarded by the law as but one day. (11 Cyc. 732.) During the term at which a judgment or decree is entered the record remains in the breast of the court, and the court may, at any time during the term, amend it or set it aside on its own motion or for good cause shown, as justice and the right of the case may seem to require. (*Stahl* v. *Webster*, 11 Ill. 511; *Smith* v. *Vanderberg*, 46 id. 34; *Edwards* v. *Irons*, 73 id. 583; *Shannahan* v. *Stevens*, 139 id. 428.) The court retains jurisdiction of the parties and the subject matter of the litigation until the end of the term, and the judgment or decree does not become final or pass beyond its control until that time. The court therefore had jurisdiction of the defendant and of the subject matter of the suit on July 18, 1903, when the order setting aside and vacating the order of dismissal was entered. Notice was necessary, but notice to James Lane Allen, who was defendant's solicitor of record, was notice to the defendant. A solicitor having entered his appearance of record for a client cannot terminate the relation until there is a withdrawal of record by leave of the court, (4 Cyc. 955; *United States* v. *Curry*, 6 How. 106;) and the relation is not terminated without such withdrawal, at least so far as the opposite party is concerned, until the end of the litigation. *Swift* v. *Allen*, 55

Ill. 303, does not declare a different rule. The order of the circuit court denying the defendant's motion, based on the ground that the court was without jurisdiction and that its decree could be attacked at a subsequent term on motion, was correct, and the judgment of the Appellate Court affirming it was right.

The grounds upon which the Appellate Court held that the circuit court erred in setting aside the order dismissing the bill and re-instating the suit and proceeding with the cause are, that the order dismissing the bill on motion of complainant was entered by consent and there was no legal fraud. Parties who are competent to contract may agree to the rendition of a decree in respect to any rights which may be the subject of litigation. Such a decree is not, in a strict legal sense, a judicial sentence, but it is in the nature of a solemn contract, (5 Ency. of Pl. & Pr. 961,) and it cannot be appealed from nor can error be assigned upon it, for the reason that if there be error in it, the error is that of the parties and not of the court. The decree not being the judgment of the court, a rehearing cannot be allowed, and it can not be set aside upon a bill of review for errors of law apparent on its face or be impeached by such bill on account of additional evidence. It can only be impeached by an original bill in the nature of a bill of review. (*Armstrong* v. *Cooper*, 11 Ill. 540; *Knobloch* v. *Mueller*, 123 id. 554; *Cox* v. *Lynn*, 138 id. 195; *First Nat. Bank of Joliet* v. *Illinois Steel Co.* 174 id. 140.) The decree should show, upon its face, that it was entered by consent. (5 Ency. of Pl. & Pr. 963.) But in *Armstrong* v. *Cooper, supra,* it was held that such a showing is not indispensable, and that the agreement can be shown by other evidence which does not contradict the record but is consistent with it. In this case the fact that the bill was dismissed by complainant in pursuance of the agreement of the parties respecting the custody of their child appears only from the affidavit in support of her motion to set aside the order, and the same affidavit shows that the agreement was

not complied with, and is sufficient to justify an inference that it was entered into with a fraudulent intent not to abide by it. In order to show that the dismissal of the bill which does not, on its face, purport to be by agreement was in fact the result of an agreement, and at the same time to deny any relief to the complainant on that ground, the part of the affidavit which shows the agreement must be accepted and the portion which shows a violation of the agreement and good cause for setting it aside must be rejected. We have not been referred to any case where that was done, and it does not seem in accordance with equitable principles. The order dismissing the bill not only does not purport to, but does not, in fact, represent or embody the agreement of the parties. It does not fix, settle or declare any right of either party concerning the subject matter of the litigation. The agreement upon which the order was entered, rested in parol outside of the record, and complainant merely dismissed her bill, as she had an undoubted right to do. The order merely terminated that suit and did not fix or settle any right of either party. If it had been a valid binding decree by consent, embodying the agreement of the parties as to the custody of the child, complainant would have had neither occasion nor desire to set it aside. The order was not in any proper sense a solemn contract of the parties entered by the court in the form of a decree with their consent.

We think this case comes within the rule declared by the Supreme Court of the United States in *Doss* v. *Tyack*, 14 How. 298, in which the court said that it did not require an original bill to authorize the court to vacate an order or decree dismissing the suit at the same term in which it was made. That decision was not based on any estoppel, as contended by counsel for defendant, and neither the subject of estoppel nor any ground for it was mentioned by the court.

In our opinion the affidavit showed good cause for setting aside the order. It is true that it did not show any false representation by the defendant of any existing fact, but it was

sufficient to justify a belief that the defendant induced the complainant to dismiss her bill by entering into an agreement which he did not intend to keep. Although a promise to perform an act accompanied with an intention not to perform it may not be a fraud in law, it is not to be understood that no rights accrue to the opposite party which may be enforced in equity. A familiar example is found in that class of cases where a conveyance is made in consideration of the promise of the grantee to support and take care of the grantor, and where the circumstances of a subsequent refusal to comply with the contract justify a belief that it was entered into with a fraudulent intent. In such a case a court of equity grants relief by a rescission of the agreement. (*Frazier* v. *Miller*, 16 Ill. 48; *Oard* v. *Oard*, 59 id. 46; *Jones* v. *Neely*, 72 id. 449.) In that and other cases where a party repudiates his agreement which is the sole consideration for a benefit accruing to him, and the circumstances tend to show that the agreement was wrongfully entered into for the purpose of obtaining an advantage, a court of equity will, if possible, prevent a failure of justice by giving such relief as may be within its power. In this case the court was justified in finding that the agreement was entered into by the defendant to get rid of the injunction, which prevented him from interfering with the child or removing him from the jurisdiction of the court, with an intent not to perform it on his part, and, while the order dismissing the bill was still in the breast and under the control of the court, such facts were sufficient cause for setting it aside.

We conclude that the circuit did not err in refusing to set aside the final decree and subsequent orders, with the exception of the order requiring the defendant to appear only in person at the bar of the court. The orders of the court could have been complied with either with or without his personal appearance, and we regard that order as erroneous. The evidence on the hearing was sufficient to sustain the decree of divorce.

The judgment of the Appellate Court affirming the order of the circuit court on the appeal is affirmed, and the judgment of the Appellate Court on the writ of error reversing the orders and decree of the circuit court is reversed, except so far as relates to the personal appearance of the defendant at the bar of the court, and the cause is remanded to the circuit court for further proceedings not inconsistent with the views expressed in this opinion.

*Emily Bert Krieger* v. *George E. Krieger reversed.*
*George E. Krieger* v. *Emily Bert Krieger affirmed.*