### James H. Galway et al. v. May B. Galway.

DECREE—*when cannot be complained of.* A decree entered by consent is not properly the subject either of appeal or complaint by assignment of errors.

Partition proceeding, Error to the Circuit Court of Edgar county; the Hon. J. W. CRAIG, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

VAN SELLAR & VAN SELLAR, for plaintiffs in error.

H. S. TANNER, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This writ is prosecuted to review a decree in partition rendered in a proceeding wherein defendant in error was complainant and plaintiffs in error defendants.

The facts involved are the following: William Galway died testate, leaving defendant in error, his widow, but no children or descendants of children, him surviving. The widow renounced the provisions of the will in her favor and filed a bill for the partition of the real estate of which her husband died seized, claiming certain interests therein, to which bill plaintiffs in error, who were legatees and devisees under the will, were made parties defendant. An answer denying that the complainant was entitled to the interest claimed by her, and a cross-bill setting up the interests of the parties as claimed by the defendants, were filed by them. Thereafter, on December 5, 1905, a decree was rendered by the chancellor, without the intervention of commissioners, partitioning the real estate between the parties and vesting the fee of each tract in the respective party to whom it was assigned. The decree provided that the fees of complainant's solicitors, in the sum of $2,500, be apportioned between the parties according to their respective shares. On January 5, 1906, the defendants filed a motion seeking to vacate the portion of the decree relating to solicitors' fees upon the ground that the interests of the parties were not correctly set out in the bill. The chancellor overruled the motion, whereupon the defendants sued out this writ of error. It will be unnecessary to determine the propriety of the provision of the decree of which complaint is made, for the reason that we are of opinion that the decree in its entirety was entered by and with the consent of all parties in interest.

Upon its face it recites the presence of all the defendants by their solicitors; the entry of the appearance of the defendant, Cusack, and his consent that the decree might be entered; also, that the complainant and the defendants, other than Cusack, "have agreed as hereinafter found by the court." While it does not expressly recite that the parties consented to the allowance of the solicitors' fees, we cannot escape the

conclusion that the decree was understood by all, including the chancellor, to have been a consent decree. Counsel for plaintiffs in error admit in their argument filed in this court, that they were present when proof was introduced as to the amount of fees to be allowed and the decree shows that they were present when the same was signed. It does not appear that any objection was interposed thereto until some thirty days thereafter, at which time the only reason assigned for the modification of the decree was that the bill did not correctly state the interests of the parties.

The claim that the decree or any of its terms was entered without the knowledge or consent of the defendants, or either of them, was at no time made.

A decree entered by consent of the parties, as shown by the decree itself or by other evidence consistent with the record, cannot be appealed from, nor can error be assigned upon it. Krieger v. Krieger, 221 Ill. 479.

The decree is affirmed.

*Affirmed.*