SUSAN H. CROW *et al.* Plaintiffs in Error, *vs.* CHARLES H. HARRISON *et al.* Defendants in Error.

*Opinion filed February 25, 1911.*

1. EQUITY—*certificate of evidence is part of the record and the decree.* The certificate of evidence in a chancery case is a part of the record and of the decree.

2. SAME—*fact that decree is a consent decree need not appear from the decree itself.* The fact that a decree in a chancery proceeding is a consent decree need not necessarily appear from the decree itself but may be shown by the certificate of the evidence, if there are no recitals in the decree to the contrary.

3. APPEALS AND ERRORS—*when an order denying motion to re-docket partition suit must be affirmed.* An order denying leave to re-docket a partition suit to enable the parties to file exceptions to the report of the commissioners must be affirmed, where it appears from the record that the decree approving the report and partition made by the commissioners was entered by the consent of all the parties, who were adults and represented by counsel.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ROBERT H. PATTON, W. EDGAR SAMPSON, and W. S. GREER, for plaintiffs in error.

PATTON & PATTON, for defendant in error Samuel B. Harrison.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error sued out to reverse an order of the circuit court of Sangamon county denying a motion by plaintiffs in error to re-docket a partition suit in which a final decree had been rendered at the same term at which the motion was made and the cause stricken from the docket previous to the making of the motion. The partition suit was begun by plaintiff in error Susan H. Crow for the partition of 600 acres of land. The bill alleged that the land was devised to the complainant, Susan H. Crow, and her brothers and sister, Charles H. Harrison, Samuel B. Harrison, Haut T. Harrison, George R. Harrison, Van Harrison and Annie H. Liggett, by their father, in equal shares, as tenants in common. The brothers and sister of complainant and all other necessary parties were made defendants to the bill. The bill was filed on August 4, 1908. Subsequently a supplemental bill was filed, alleging that Charles H. Harrison and George R. Harrison had since the filing of the original bill sold their undivided interests to Van Harrison. No answer was filed by any of the defendants, but all of them were defaulted and the cause referred to the master to take proof and report his conclusions. The master reported that the proof sustained the allegations of the original and supplemental bills and recommended a decree for partition. Susan H. Crow, Haut T. Harrison and Annie H. Liggett filed a joint written agreement and request that their shares of the real estate be set off and assigned to them in gross. In accordance with the recommendations of the master a decree for partition was entered directing a partition of the land, and that three-sevenths thereof be allotted to Susan H. Crow, Haut T. Harrison and Annie H. Liggett in gross, three-sevenths to Van Harrison and one-seventh to Samuel B. Harrison. Commissioners were appointed to make partition. On January 22, 1909, the commissioners reported that they had made par-

tition among the respective parties in accordance with the decree of the court, describing the allotments to the respective parties by metes and bounds. They filed with their report a plat showing the tracts of land set off and allotted to the respective parties, which plat was attached to and made a part of the report. A decree was entered confirming the report of the commissioners and the cause was stricken from the docket. Afterwards, on the 26th day of January, on motion of Van Harrison, the cause was redocketed, the decree confirming the report opened up and leave given him to file objections thereto. He accordingly filed objections and a hearing was had on the objections February 19, 1909. The objections were sustained and the report of the commissioners was disapproved and set aside and new commissioners were appointed to make partition. February 24, 1910, the new commissioners filed a report showing they had made partition of the lands among the respective parties, and filed with their report a plat showing the land set off to the parties, respectively. They allotted and set off to Samuel B. Harrison lots numbered on the plat 5, 6, 7 and 8, containing 112.73 acres; to Susan H. Crow, Annie H. Liggett and Haut T. Harrison, in gross, lots 2, 4, 9, 10 and 12, containing 226.39 acres; and to Van Harrison lots 1, 3, 11 and 13, containing in all 261.66 acres. On the 4th of March, 1910, complainant in said partition suit, Susan H. Crow, one of plaintiffs in error here, by her solicitor, entered her motion for an order approving the report of the commissioners, and the motion was set for hearing on March 7. No objections having been filed to the report, on the tenth of March a decree was entered confirming and approving the report and partition. On April 30, 1910, which was the last day of the March term of court, plaintiffs in error filed a motion to vacate and set aside the decree approved March 10, confirming the report of the commissioners and the partition, and asked leave to file objections and exceptions to said report. The motion set out .

certain reasons why the partition was claimed by plaintiffs in error to be unsatisfactory, inequitable and unfair to them, and states that they did not know the character and effect of the report and partition until after it had been approved. They alleged in their motion that the partition as made by the commissioners will work a great injury to them, and averred that the interests of all parties would be better conserved by a sale of the premises. On the same day the motion was filed an order was entered reciting that Haut T. Harrison, Susan H. Crow, Van Harrison and Annie H. Liggett had entered their motion for leave to re-instate the case on the docket, to vacate and set aside the decree approving the report of the commissioners, and for leave to file exceptions to said report and to make proof in open court in support of such exceptions, and the cause coming on to be heard in open court upon said motions, and the court having heard the arguments of counsel and being fully advised, denied the said motions. This is the order sought to be reversed by this writ of error.

In our view of this case it will only be necessary to refer to one question in determining the case. Defendants in error make the point that the decree approving and confirming the report of the commissioners and the partition made by them was entered by consent of all parties. No answer was filed by any of the defendants to the partition suit, who were all adults, and the original decree for partition was entered by default. The record shows, however, that at different stages of the case counsel appeared for them. The certificate of evidence recites: "Be it remembered that in the matter of the report of the commissioners, W. Staley Troxell, Edwin Watts and James A. Easley, filed herein February 24, 1910, making partition and division of the real estate involved herein, pursuant to the motion of the complainant, made March 4, 1910, for the approval of said report of commissioners, there came, on March 10, 1910, the complainant, Susan H. Crow, and the defendants Anna

H. Liggett and Haut T. Harrison, by Hamilton & Catron, their solicitors, and at the same time also came the defendants Van Harrison and Samuel B. Harrison, by Barber & Barber, their solicitors, and each and all of said parties, by their respective solicitors, then and there, in open court, consented that the court enter a decree approving and confirming the said report of said commissioners filed herein February 24, 1910, and thereupon, on said March 10, 1910, pursuant to such consent by each and all of said parties to said cause, the court entered the said order and decree of March 10, 1910, approving and confirming said report of said commissioners."

Plaintiffs in error contend that unless a decree recites upon its face that it is entered by consent it cannot be considered a consent decree, and that the certificate of evidence is no part of the decree and cannot be looked to in determining whether or not it was, in fact, a consent decree. This, we think, is a misapprehension. The certificate of evidence in a chancery case is a part of the record and of the decree. *Railway Conductors' Benefit Ass'n* v. *Leonard,* 166 Ill. 154; *Bennett* v. *Bradford,* 132 id. 269.

*Armstrong* v. *Cooper,* 11 Ill. 540, was a writ of error sued out of this court by parties against whom a decree in chancery was rendered in the court below. Defendant in error filed a plea in this court stating, in substance, that the decree was, in fact, entered by the consent and agreement of one Metcalfe, one of the plaintiffs in error, who was a defendant in the court below and was also the attorney of the other defendants in that court with authority to represent them there. The decree was entered by default. A demurrer to the plea was overruled and the plea held good. In the opinion the court referred to the statement in Daniel on Chancery Pleading and Practice, (vol. 2, p. 1214,) that a decree entered by consent ought properly to state that fact upon its face, and said: "But we have found no authority for saying that that is indispensable or that it can

only be shown by the record that the decree was so entered. As between the parties to the record it may well be admitted that nothing can be shown which will contradict it. But here the averment does not contradict the record but is consistent with it. The agreement was, that certain amendments should be made to the bill and the complainant should be permitted to take a decree, and that, 'under the supervision and with the consent of Metcalfe,' the counsel for defendants, the amendments were made and the decree taken." The matter relied upon by the plea in that case to show that the decree was a consent decree was no part of the record.

In *Bennett* v. *Bradford, supra,* after a decree against minors had been entered, a motion was made for a certificate of evidence. The chancellor made and filed in the case the following certificate: "I hereby certify that on the 7th day of May, 1888, the same being one of the days of the May term, 1888, of the circuit court of the said county of Sangamon, a decree was presented to me by Mr. Wheeler, of Brown, Wheeler & Brown, and W. E. Shutt, of Patton, Hamilton & Shutt, which decree is in the words and figures following, with the memoranda attached thereto, as follows, namely, [here the certificate sets forth the decree and memoranda thereon,] and at the time the statement was made to me that the decree was satisfactory to all the parties, which statement was made by Mr. Wheeler. Thereupon the decree was entered and approved as the decree in said cause. And I certify that there was no evidence in the cause, and no hearing in the cause with reference to the rendition of said decree, except as herein stated, as a decree entered on the statements of counsel and agreement as therein made." The court held the certificate was a part of the decree, and said: "We must therefore read the decree here with the certificate of the chancellor as a part of it. When this is done we have a decree by consent without any evidence, and this, as against minors, is always error." *Armstrong* v.

*Cooper, supra,* was cited with approval in *Krieger* v. *Krieger,* 221 Ill. 479.

We regard these decisions as conclusive of the question, and the order of the chancellor denying the leave asked by plaintiffs in error is affirmed.                    *Decree affirmed.*