DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1913.

Joe Hantman, Defendant in Error, v. Jacob Metcoff, Plaintiff in Error.

## Gen. No. 17,347.

MUNICIPAL COURTS—*judgment.* Where within thirty days a judgment in the municipal court is set aside and another judgment entered for less, *nunc pro tunc* as of the date of the former judgment, it is not error, since there are no terms in the municipal court and such procedure is authorized under the Municipal Court Act, § 21.

Error to the Municipal Court of Chicago; the HON. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 9, 1913.

CARROLL A. TELLER, for plaintiff in error.

LEVY & LEVY, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

Defendant in error commenced a fourth class suit in the Municipal Court of Chicago against plaintiff in error to recover the value of certain material furnished and labor performed, claiming that $170.15 was due him. Plaintiff in error filed a claim of set-off.

On January 25, 1911, the case was tried before the court without a jury, resulting in a finding in favor of defendant in error for the sum of $78.61, upon which finding the court entered judgment against plaintiff in error. On February 18, 1911, on motion of plaintiff in error, the court set aside said judgment and entered a finding in favor of defendant in error for the sum of $63.61, upon which finding the court entered judgment for said amount and costs "*nunc pro tunc* as of the 25th day of January, A. D. 1911."

It is claimed that the court erred in entering said judgment *nunc pro tunc* as of January 25, 1911. The former judgment was set aside and the judgment complained of entered within thirty days from the date of the entry of the former judgment. On February 18, the judgment of January 25th remained in the breast of the court and the court then had power to amend that judgment or set it aside on its own motion or for good cause shown, as justice and the right of the case would seem to require. Krieger v. Krieger, 221 Ill. 479, 484. In the circuit court, jurisdiction of the parties and the subject-matter of the litigation is retained until the end of the term at which judgment is entered, and the judgment does not become final or pass beyond the control of the court until the expiration of the term. By section 21 of the Municipal Court Act it is provided that "there shall be no stated terms of the municipal court," and that "every judgment, order or decree of said court final in its nature shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court during the term at which the same was rendered in such circuit court, provided a motion to vacate, set aside or modify the same be entered in said municipal court within thirty days after the entry of such judgment, order or decree." In the present case the record discloses that the judgment of January 25th was set aside on motion of plaintiff in error. He cannot here complain of the

CHICAGO—FIRST DISTRICT—JANUARY, 1913.   205

fact that the court entered the present judgment *nunc pro tunc.* That judgment was for fifteen dollars less than the former judgment and for aught that appears in this record substantial justice has been done. The judgment is affirmed.

