CHARLES FREEMAN ET AL.

v.

ADAM KARR AND MARIE VOGT.

*Practice—Service of Process—Presumption—Harmless Error.*

1.  The recital in a decree that the defendants have been duly served with process is *prima facie* evidence of that fact, which can only be rebutted by the record itself.

2.  An objection to the filing of a cross-bill by one who has not been made a formal defendant can not be made for the first time on appeal.

[Opinion filed June 13, 1890.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. WM. H. SNYDER, Judge, presiding.

In April, 1865, Adam Karr filed his bill to foreclose a mortgage executed to him by Mary Ann Freeman, Eliza Jane Freeman and Charles Freeman, joined by his wife, Ruth. The bill set up a second mortgage on a part of the land covered by the Karr mortgage to one William Homeier, and also judgments, one in favor of Julius Leise, and the other in favor of Newberger and Walfort, against some of the mortgagors. All the parties named were made defendants to the bill. Summons was issued and return duly served upon all of the defendants except Mary Ann Freeman. Subsequently an amended bill was filed setting up the death of Mary Ann Freeman, naming her heirs as her brothers, Charles Freeman and William R. Freeman, and her sisters, Eliza Jane Freeman, Frances Pittman and Juliette Freeman. Afterward another amended and supplemental bill was filed. This named as the heirs of Mary Ann Freeman, in addition to the persons above named, John R. Freeman, Mary R. Freeman, William Isam, Charles Isam, Eliza Isam, Julia Isam and John Isam. William Isam, Charlie Isam, Eliza Isam and Julia Isam were shown to be non-residents and they were brought into court by publication. All

the other defendants were served with process, as shown by the record, except John Isam. Summons was issued for John Isam with other defendants January 4, 1888, returnable to the February term, 1888, and .returned served on the other defendants, but no return, so far as the record shows, as to John Isam. At May term, 1888, the cause was continued, and at September term, 1888, to wit, on the 11th day of December, 1888, a decree of foreclosure was rendered, which recites service upon all the defendants except those brought in by publication.

Mr. WM. WINKELMANN, for plaintiffs in error.

Messrs. DILL & SCHAEFER and HAY & BARTHEL, for defendants in error.

REEVES, P. J. This writ of error is prosecuted from a decree of the Circuit Court of St. Clair County. John Isam was one of the defendants to the bill and the summons copied in the record and the returns thereon do not show service on him. The decree was *pro confesso* and recites service on Isam. The summons copied in the record for Isam was issued January 4, 1888, returnable to the February term, 1888. There was a May term of the Circuit Court. The decree was entered at the September term, 1888. Though it appears from the return on the summons issued against John Isam, returnable to the February term, 1888, that he was not served with that summons, *non constat* that a summons was issued for him either to the May or September term and duly served but lost from the files, or for some other reason not copied into the record, and this we are bound to persume was true, as the court found he was duly served with process more than ten days prior to the first day of the September term. Haworth v. Huling, 87 Ill. 27.

As was said in Haworth v. Huling, " Every reasonable presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction, and its finding in the decree that the defendants have been duly served with process will be held to be *prima facie* evidence of that jurisdictional fact."

This *prima facie* case can only be rebutted by the record itself. Hunter v. Stoneburner, 92 Ill. 75. The certificate of the clerk, that the copies of the files transmitted by him " are a complete record in the cause " does not rebut the *prima facie* case made by the recital of service in the decree. The finding of the court can not be disputed by the certificate of the clerk. Brown v. Miner, 128 Ill. 148.

The decree recites: "And now comes the said complainant, in the original amended bill, filed January 4, 1888, and, it appearing that all the defendants to said original bill are adults," etc. It is urged that the court erred in rendering a decree *pro confesso* upon the original bill, when the same had been amended in January, 1888.

We think a fair interpretation of the language above quoted from the decree shows that the decree was rendered on the original amended bill, filed January 4, 1888.

The third error assigned is that the court, by its decree, required W. R. Freeman to pay the amount of the mortgage debt, when he had not signed the note, and was not a party to the mortgage. Even if it be conceded that this was error, it has been cured, so far as W. R. Freeman is concerned.

The record shows that before the writ of error was sued out the mortgaged premises had been sold under the decree and brought the full amount of the decree and costs, thereby relieving W. R. Freeman from any personal liability under the decree.

The fourth error assigned is that the Circuit Court erred in rendering a decree on the cross-bill of Marie Vogt, when she was not a party to the original amended or supplemental bills.

The answer of Homeier disclosed that the mortgage made to him was made to him as agent, and that in the matter he was acting as the agent of Mrs. Vogt, and that she held and owned the mortgage. She, by her cross-bill, adopted the answer of Homeier. If the plaintiffs in error desired to object to her filing a cross-bill without being made a formal defendant to the original bill, they should have objected in the Circuit Court. It is too late for them to object in this court.

The decree of the Circuit Court is affirmed.

*Judgment affirmed.*