Mary E. Cox

*v.*

James S. Lynn.

*Filed at Springfield June 10, 1891.*

1. Bill of review—*when it will lie—decree by consent.* Where a will is set aside, on bill to contest its validity, by consent of all the parties, two of whom were minors, incapable of consenting, and under the decree setting aside the will they get the same estate precisely as they would under the will, a bill by an adult party to the prior suit to review and vacate the decree so entered will have no merit, and is subject to demurrer.

2. If a decree appearing on its face to have been entered by consent is erroneous as to the infant parties to the suit, it is nevertheless valid and binding as to all the parties who at the time were *sui juris.* As to the latter the validity of the decree can not be called in question by a bill of review or otherwise.

3. A bill of review does not lie to vacate or review a decree entered by consent, unless the consent of the parties was obtained by fraud or mistake.

4. Same—*requisites.* It is indispensably necessary to the sufficiency of a bill of review that a copy of the bill, answer, replication and decree in the proceedings sought to be reviewed should be given. A mere synopsis of those papers is not sufficient.

5. Dower—*failure of widow to renounce under will—will set aside in part.* Where a widow fails to renounce under her husband's will, which contains bequests and devises in her favor, her dower will be barred under the statute, although the will may be subsequently set aside by a decree entered by consent, in respect to a part of the lands devised.

Writ of Error to the Circuit Court of Cass county; the Hon. George W. Herdman, Judge, presiding.

Mr. A. A. Leeper, and Mr. J. F. Robinson, for the plaintiff in error:

Under the decisions of this court, a person against whom a decree has been rendered during his infancy, may, within a reasonable time after reaching his majority, file a bill of review, or bill in the nature of a bill of review, and impeach the

·decree for fraud or prejudicial error. This rule is almost ·co-extensive with the existence of this court. *Kuchenbeiser* v. *Beckert,* 41 Ill. 172; *Hess* v. *Voss,* 52 id. 472; *Gooch* v. *Green,* .102 id. 507; *Lloyd* v. *Kirkman,* 112 id. 329; *Haines* v. *Hewitt,*. 129 id. 347.

A decree against a minor's interest is fatally erroneous if it! is rendered without an answer for the minor, by some person properly authorized, or if no evidence is taken or preserved in· the records. *Reavis* v. *Fielden,* 18 Ill. 77; *Fischer* v. *Fischer,* 54 id. 231.

It is elementary law that no person has authority to consent to a decree against a minor's interest.

It is the duty of a court of chancery to protect the rights of! infant defendants, and where an answer is filed for infant defendants which presents a good defense, it is prejudicial error for the court to allow its withdrawal without the filing of. another which properly presents the defense. *Peak* v. *Pricer,* 21 Ill. 164; *Sconce* v. *Whitney,* 12 id. 150.

The right to avoid a deed executed in infancy, when the minor was under no legal or equitable obligation to execute it, is not a personal privilege, but extends to ·privies in blood or estate. *Loan Co.* v. *Bonner,* 75 Ill. 315; *Nelson* v. *Eaton,* 1. Redfield, 498; *Zouch* v. *Parsons,* 3 Burr. 1794; Ewell's Lead. Cases on Infancy, 237.

The reason is stronger that the right to impeach a decree passes to the heir, where the person dies during the disability.

The principle of estoppel by record is in substance the same as the doctrine of *res judicata.*

Estoppel by record or *res judicata* can not be invoked against a party by reason of a former judgment or decree,ᴀ unless the identical rights or interests were adjudicated or could properly have been adjudicated in the former suit. *Lloyd* v. *Lee,* 45 Ill. 277; *Hamilton* v. *Quimby,* 46 id. 90; Freeman on Judg-· ments, sec. 252.

Messrs. Mehan, Ketcham & Gridley, for the defendant in error:

The decree dismissing the bill should be affirmed, because the bill, being a bill of review, should set out all the pleadings of the record the plaintiff in error wishes to have reviewed. "A synopsis thereof is not sufficient, but the pleader must set out the bill, answer, replication and decree." Story's Eq. Pl. sec. 420; *Turner* v. *Berry*, 3 Gilm. 544; *Gardner* v. *Emmons*, 40 Ill. 299; *Judson* v. *Stephens*, 75 id. 255; *Aholtz* v. *Durfee*, 122 id. 286; *Goodrich* v. *Thompson*, 88 id. 207; *Kuttner* v. *Haines*, 135 id. 382.

The decision of the court below in sustaining the demurrer should be affirmed, for the reason that a bill of review does not lie to vacate or review a decree entered by consent, unless the consent of the parties was obtained by fraud or mistake. *Flagler* v. *Crow*, 40 Ill. 414; *McDaniel* v. *James*, 23 id. 407; *Armstrong* v. *Cooper*, 11 id. 540; *Holderman* v. *Graham*, 61 id. 362; *Mason* v. *Patterson*, 74 id. 191; *Knobloch* v. *Mueller*, 123 id. 554; *Haas* v. *Loan Association*, 80 id. 248.

The decision on the demurrer should be sustained on the ground of estoppel. By her consent decree the complainant is now estopped to dispute the title of James S. Lynn, he being the purchaser at the master's sale under her consent decree, Lynn not being a party to the proceedings in which the consent decree was entered. *Giddons* v. *Prenshaw Co.* 74 Ala. 741; *Parsons* v. *Ely*, 45 Ill. 232; *Harding* v. *LeMoyne*, 114 id. 65; *Thor* v. *Oleson*, 125 id. 365.

Even in cases where infants are not properly represented by guardian *ad litem*, and no answer is filed for them, still the innocent purchaser is protected. *Goudy* v. *Hall*, 36 Ill. 313; *McJilton* v. *Love*, 13 id. 486; *Lloyd* v. *Kirkwood*, 112 id. 329.

He who asks equity must do equity. *Byars* v. *Spencer*, 101 Ill. 429.

Where there is equal equity the law must prevail.    Story's Eq. Jur. sec. 64 c.

A sale under a decree in a suit for partition is a judicial sale, and an order confirming the same is conclusive as to all matters upon which the court might have been called upon to pass had the parties brought them forward as objections to the confirmation, especially when the parties had knowledge, or might reasonably have had knowledge, of the facts upon which to base them.    *Speck* v. *Car Co.* 121 Ill. 33 ; *Giddons* v. *Prenshaw Co.* 74 Ala. 741.

Mr. Justice Bailey delivered the opinion of the Court :

On the 4th day of April, 1890, Mary E. Cox filed her bill in chancery in the Circuit Court of Cass county alleging that, on or about the 10th day of April, 1876, William H. McAuley died testate, leaving him surviving the complainant, his widow, and three daughters, Matilda J. Lynn, Rose McAuley and Helen McAuley, said Matilda J. Lynn, being his daughter by a former wife, and said Rose and Helen McAuley being his daughters by the complainant; that the will of William H. McAuley was duly probated and recorded in Cass county, and that said will, after providing for the payment of the testator's debts and funeral expenses, devised to the complainant and said Rose and Helen McAuley the farm in Cass county on which the testator was living, known as the Henry Taylor farm, containing two hundred and seventy acres ; also a tract of about ninety acres adjoining said farm, and also to go with said farm a tract of timber land in said county containing about one hundred acres.    Said will also devised to the complainant and her two daughters the old farm on which the testator lived before moving on to the Henry Taylor farm, known as the Backenstos land, containing two hundred and forty acres.    Said will then provided that said two farms were devised to the testator's wife and his two daughters Rose and Helen in manner and form as follows :

"First. After my death, the said Elizabeth McAuley, my wife, shall nurture and educate my said children the said Rose McAuley and Helen McAuley until they become of age, and until they the said children become of age, she my wife the said Elizabeth McAuley shall have the use and the possession of all of the above described lands, and when they the said children become of age, then the whole of said land shall be equally divided between the mother, my said wife Elizabeth McAuley and my two children, the said Rose and Helen McAuley, each taking one-third part to be held by them in fee simple absolute.

"Second. In the event of the death of my said wife or of either or both of the above named children before their majority, then the survivors or survivor shall inherit from their co-legatee or legatees according to the intestate laws of the State of Illinois."

The will then devised certain other lands to William Turner and Wallace Turner, the testator's two grand-children, and bequeathed to the testator's daughter Matilda J. Lynn the sum of five dollars, and all the residue of the testator's estate, real and personal, after the payment of said costs, funeral expenses and said bequest, was devised and bequeathed to his said wife and her said two children.

The bill further alleges that shortly after the death of said William H. McAuley, Matilda J. Lynn filed her bill of complaint in the Circuit Court of Cass county against the widow of said testator, the complainant in this case, Rose and Helen McAuley and Henry T. Foster, the executor of said will, for the purpose of contesting said will, alleging as a reason why said will should not be allowed to stand as the will of said testator, that at the time of its execution, said testator was not of a sound and disposing mind and memory, and that said will was procured and obtained by undue and improper influences exerted by said widow; that August 24, 1876, said widow and said executor filed their answer to said bill, in which they

denied the material averments thereof; that at the February term, 1879, of said court, without any evidence being taken or heard by said court, and while said Rose and Helen Mc-Auley were minors and incapable of consenting, and without any answer being filed for them by any person, there was entered in said suit a decree purporting to be by consent of all the parties to said suit, decreeing, among other things, that said will of William H. McAuley be vacated and for nothing taken and held as to said Backenstos land; that the master in chancery of said court sell said land and out of the proceeds of such sale pay off certain debts against the estate of said William H. McAuley which had been allowed by the County Court of said county, including several hundred dollars of attorney's fees, and all the costs in the suit in which the decree was rendered, and releasing all errors in said suit, and decreeing that said will, as to all the other property, should be held binding on all the parties; that afterwards, on April 12, 1879, the master in chancery of said court proceeded to sell said land under said decree, at which sale James S. Lynn, the husband of Matilda J. Lynn, became the purchaser of an undivided one-third of said land and Rose and Helen McAuley of the undivided two-thirds thereof, and that the master executed and delivered to said purchasers his deeds for said land, and at the February term, 1880, of said court the master's report of sale was approved and said suit discontinued.

The bill further alleges that at the time of the commencement of said suit and for several years prior thereto, James S. Lynn was the husband of Matilda J. Lynn, and well knew that Rose and Helen McAuley were minors and that no person had authority to consent on their behalf to the entry of said decree, and the bill charges that all proceedings thereunder were in fraud of the rights of said Rose and Helen McAuley, and that said James S. Lynn was chargeable with notice thereof, and that he did not, and in equity could not, take any interest in

said land through said master's sale as against said Rose and Helen McAuley.

It is further alleged that sometime in the year 1880, James S. Lynn filed his bill of complaint in the Circuit Court of Cass county against the complainant in this suit and Rose and Helen McAuley, alleging that he and said Rose and Helen McAuley were each the owners of an undivided one-third of said land, and praying for a partition of the same; that August 18, 1880, J. N. Gridley was appointed guardian *ad litem* for said Rose and Helen McAuley; that on the 19th day of August, 1880, the firm of solicitors of which said guardian *ad litem* was a member filed in said cause an answer for all the defendants, including said infants, which answer set forth the facts connected with the entry of said decree by consent substantially as alleged in the bill in this case; that August 29, 1880, said solicitors asked and obtained leave to withdraw said answer, and that no other answer was filed for said minors; that at the same term of court said cause was referred to the master to take proofs, and that the master reported the proofs taken, and by his report he found that James S. Lynn and Rose and Helen McAuley were each the owner of an undivided one-third of said land, and that said Lynn derived his title thereto from the sale under said decree by consent, which report was approved by the court and that a decree of partition was thereupon entered; that the commissioners appointed to make partition reported that they had set off to James S. Lynn a certain portion of said land in severalty, to Helen McAuley another portion and to Rose McAuley the residue.

The bill charges that at the time said partition proceedings were had, James S. Lynn had no title or interest in any portion of said land other than that acquired through said master's sale. It also alleges that about April 22, 1885, John H. Goodell was duly appointed guardian of Helen McAuley by the County Court of Cass county, and that said guardian, in pursuance of an order of said County Court, executed to Fanny

Spink a mortgage on the land set off to Helen McAuley, to secure a note for $600, dated February 6, 1889, and due October 6, 1890.

The bill further alleges that, on the 1st day of February, 1878, the complainant was married to George W. Cox, who died December 1, 1889; that Rose McAuley has attained her majority, and has married Robert Lynn, and that she and her husband are in possession of a portion of the land above mentioned; that various other persons are in possession of other portions of said land; that James S. Lynn has been in possession of that portion set off to him and has received the rents therefrom since 1881; that December 13, 1889, Helen McAuley died intestate and unmarried, leaving surviving her the complainant, her mother, and Matilda J. Lynn, Rose Lynn, Julia R., Nellie, Charles E., and George W. Cox, her sisters and brothers, the last four being minor children of the complainant by her deceased husband George W. Cox, and that at her death Helen McAuley had not attained the age of eighteen years; that John H. Goodell has been appointed her administrator and has qualified as such.

The bill further states that there is a doubt and uncertainty as to the true meaning and interpretation of that portion of the second clause of said will which directs the course of the property devised to the complainant and Rose and Helen McAuley in the event of the death of either said Rose or Helen before reaching her majority. It also alleges that the complainant has executed a mortgage for $500 on the land set off to Helen McAuley in said partition proceedings, with other lands.

The bill makes Matilda J. Lynn, James S. Lynn, Robert Lynn, Rose Lynn, Fanny Spink, William K. Martz, and Julia R., Nellie, Charles E. and George W. Cox, and various other persons, parties defendant, and prays for a review of the proceedings and decree in the suit brought by Matilda J. Lynn to set aside said will, and that the same may be vacated and

declared of no effect as against the rights and interests of Helen McAuley, and for a construction of said will; for a partition between the complainant and the other persons found to be entitled thereto of the lands of which Helen McAuley died seized; that an account be taken of the rents and profits received by James S. Lynn, and a general prayer for relief.

James S. Lynn appeared and demurred to said bill for want of equity, and said demurrer being sustained, the bill was dismissed as to him at the complainant's costs. To reverse said decree of dismissal the complainant brings the record to this court by writ of error.

So far as appears, the bill is still pending and undetermined as to all the defendants except James S. Lynn, and the only question brought here by the writ of error therefore is as to the propriety of the decree sustaining his demurrer and dismissing the bill as to him. The complainant and Lynn are the only parties before us, and any equitable rights which the complainant may have as against any of the other defendants, or in relation to any property described in the bill other than that claimed by Lynn, is not presented by the record and is not before us for consideration. The bill so far as it seeks relief against Lynn is a mere bill of review. Lynn claims to have acquired title to an undivided one-third of the Backenstos land by purchase at the master's sale under the decree in the suit brought by Matilda J. Lynn to contest and set aside her father's will, and so long as that decree remains in force, Lynn's title acquired under it is of course unquestionable. The bill seeks to defeat said title by having said proceedings reviewed and vacated, and no other relief is asked for, at least as against Lynn, which is not dependent upon having said decree reviewed.

Regarding the bill then as a mere bill of review, it is clearly insufficient. The rule in this State is too well settled to admit of discussion, that it is indispensably necessary to the sufficiency of such a bill that a copy of the bill, answer, replica-

tion and decree in the proceeding sought to be reviewed should be given. A synopsis of those papers, which is all that appears in the bill in this case, is not sufficient. *Turner* v. *Berry,* 3 Gilm. 544; *Gardner* v. *Emerson,* 40 Ill. 299; *Judson* v. *Stephens,* 75 id. 255; *Goodrich* v. *Thompson,* 88 id. 207; *Aholtz* v. *Durfee,* 122 id. 286; *Kuttner* v. *Haines,* 135 id. 382.

But even disregarding this objection, we are of the opinion that the bill is without merit. If it be admitted that the decree under which Lynn claims title is erroneous as to the minor defendants, it is valid as to all the parties to it who at the time were *sui juris.* The record, which in this respect is not attempted to be impeached, shows that the decree was entered by the consent of all the parties to it, and it follows that, except so far as the minor defendants were incapable, by reason of the disability of infancy, of giving their consent, the validity of the decree can not be called in question. A bill of review does not lie to vacate or review a decree entered by consent, unless the consent of the parties was obtained by fraud or mistake. *Armstrong* v. *Cooper,* 11 Ill. 540; *McDaniel* v. *James,* 23 id. 407; *Flagler* v. *Crow,* 40 id. 414; *Haas* v. *Chicago Building Society,* 80 id. 248; *Knobloch* v. *Mueller,* 123 id. 554. It is not pretended that the consent of the adult parties to the entry of the decree was obtained by fraud or was the result of any mistake, and as to them or as to any rights held or owned by them at the time of its entry, it can not be called in question by a bill of review.

So far as Rose and Helen McAuley, the two infant defendants, were concerned, it does not appear that their rights were materially affected by the decree. By the terms of the will which the decree set aside, they were each given an undivided one-third of the Backenstos land, and the decree and the sale under it vested them with precisely the same interest and estate. The terms of the sale, the amount for which the land was sold, or how or by whom the purchase money was furnished, is not shown. So far as appears the consideration

for the sale may have been merely nominal, and it may fairly be presumed, in the face of anything appearing in the present bill, that the sale was resorted to for the purpose of vesting the one-third interest which, upon the vacation of the will, went to Mrs. Lynn by inheritance, in her husband, James S.. Lynn. At any rate, the disposition made of the Backenstos land by the will was to vest an undivided one-third of said land in the testator's widow, the complainant in this suit, and an undivided one-third in each of his minor children Rose and Helen. By setting aside the will as to that land, said land became intestate estate, and descended to the testator's three children as tenants in common, Rose and Helen of course each taking an undivided one-third, and Mrs. Lynn the remaining one-third. Whether the lands thus inherited were burdened by the widow's dower is unimportant here, as such dower right, if it existed, was barred by the decree entered with the widow's consent, and as the portion of the will not set aside contained devises and bequests in her favor, and as she never undertook to renounce under the will, it would seem that her dower was also barred by force of the statute.

It is clear that the annulment of the will, so far as it affected the Backenstos land, left Rose and Helen McAuley's interests in said land precisely as they were before. They took by inheritance the same estate which had been given them by the will. Nor were these estates affected by the sale under the decree, since, as the result of said sale, an undivided two-thirds of said land was conveyed to them by the officer making the sale, thus leaving them in possession of the same interests as before, the other undivided one-third being conveyed to Lynn. There is no pretense that any portion of the money paid for the land at said sale was charged to said minors or paid out of their estates.

The estates of Rose and Helen McAuley being thus left to them wholly unimpaired, it was a matter of indifference to them who became the owner of the other one-third of the land.

Its transfer from their mother to their sister of the half blood by the vacation of the will, and its transfer from their sister to the sister's husband by means of the sale, were matters with which they had no concern. Helen McAuley, in her lifetime, had no claim upon Lynn's one-third interest, nor did any such claim descend to her heirs at her death.

The complainant in this case is seeking by her bill to reach the interest in said land now held by Lynn. It is plain that she can not do so upon any of the grounds alleged. She can not assert the title derived from the will of her deceased husband, as she is barred of that right by the decree entered with her consent. Nor can she claim as one of the heirs at law of her deceased daughter Helen, as said daughter, in her lifetime, had no interest in Lynn's one-third of the land, and could transmit none therefore to her legal representatives.

The bill does not specifically pray to have the proceedings in the partition suit mentioned in the bill reviewed, but even if the general prayer for relief is to be regarded as sufficient for that purpose, no sufficient allegations are made to justify the court in reviewing or setting aside the decree in that case. The pleadings and decree in the partition suit are not set out in full, and no attempt is made to even set them out in substance. It also appears that in said suit a guardian *ad litem* was duly appointed for the infant defendants who filed an answer in their behalf, and that proofs were thereupon taken and a decree rendered thereon awarding partition. It is true the bill alleges that leave was asked and obtained to withdraw the answer of the guardian *ad litem*, but it is not alleged that said leave was acted upon or said answer actually withdrawn, and it must therefore be assumed that it was not withdrawn, but that it remained in the record, and that the decree awarding partition was based upon it.

We are of the opinion that the demurrer was sustainable both on account of formal defects in the bill in failing to set

out in full the proceedings sought to be reviewed, and also on the ground that the bill presented no meritorious ground for relief. The decree of the Circuit Court will accordingly be affirmed.

*Decree affirmed.*