THEODORE KARR *et al.*

*v.*

CHARLES FREEMAN *et al.*

*Filed at Mt. Vernon April 1, 1897.*

1. REVIEW—*when bill lies to review decree entered by default.* Where rights of third parties have not intervened, a bill lies to review a decree of foreclosure entered by default, which, by mistake not apparent from the face of the record, provides for the foreclosing of the interests of heirs not parties to the mortgage.

2. SAME—*when affirmance of decree will not bar bill of review.* A judgment of the Appellate Court, not reversed or appealed from, affirming a decree of foreclosure on a writ of error assigning errors apparent on the face of the record, does not bar a review of that decree for a mistake not appearing on the face of the record.

APPEAL from the Circuit Court of St. Clair county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

DILL & SCHAEFER, for appellants:

A court of equity will not interpose to relieve a party from the consequences of his own negligence. *Caswell* v. *Caswell,* 120 Ill. 377; *Railroad Co.* v. *Holbrook,* 92 id. 297; *Higgins* v. *Bullock,* 73 id. 205.

In *Tone* v. *Wilson,* 81 Ill. 529, it was held that failure to make defense through the mistaken advice of counsel is no ground for relief.

Where a decree is affirmed by the Supreme Court it is regarded as free from error. *Gould* v. *Sternberg,* 128 Ill. 510.

A bill of review upon newly discovered evidence may, in a proper case, be permitted, even after affirmance by the Supreme Court. *Schaefer* v. *Wunderle,* 154 Ill. 577.

Parties must have used due diligence to ascertain the facts before the former hearing. *Boyden* v. *Reed,* 55 Ill. 458; *Walker* v. *Douglas,* 89 id. 425.

WILLIAM WINKELMANN, for appellees:

New facts sufficient to modify or set aside a decree, discovered since the enrollment of the same, are *dehors*

the record, and can only be brought before a court by a bill of review. *Southard* v. *Russell*, 16 How. 547; *Stafford* v. *Bryan*, 2 Paige, 45; *Dennison* v. *Goehring*, 6 Pa. St. 402.

A distinction is drawn between a bill of review for error apparent upon the face of the decree, and one based on newly discovered evidence. The former cannot be filed after decree has been passed upon by the appellate tribunal. Adams' Eq. 417; *Schaefer* v. *Wunderle*, 154 Ill. 583.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an original bill in the nature of a bill of review, brought by the appellees, Charles Freeman and others, to review a decree of foreclosure entered at the September term, 1888, of the St. Clair circuit court, in the case of Adam Karr against Charles Freeman and others, and for a partition of the lands involved.

In 1857 Richard Freeman died testate, devising his property, in various shares, to his ten children. A number of these have since died, some childless and others leaving children. Among other lands, at his death he owned seventy-five acres in the north-east quarter of section 4, township 1, south, range 7, west, in St. Clair county. This property was afterwards platted and subdivided, and is known as lots 1, 2 and 3 of the assessor's plat, etc. May 29, 1883, after two of his children had died, three other of his children, viz., Mary Ann, Eliza Jane and Charles Freeman, executed a mortgage to Adam Karr to secure the payment of a certain promissory note for $1300, and in and by said mortgage conveyed to Adam Karr the aforesaid lots 1, 2 and 3, but without specifying what their interest in said lots was. In April, 1885, the said note being unpaid, Adam Karr filed his bill against the mortgagors to foreclose the mortgage. Afterwards, Mary Ann Freeman, one of the mortgagors, died intestate without issue, and leaving the other children and descendants of Richard Freeman as her heirs. The case was continued from term to term till in January, 1888,

when Karr filed a supplemental and amended bill, making Mary Ann's heirs parties defendant. No answer being filed by any of the defendants, a decree *pro confesso* was taken and all the land sold by the master and bought by Adam Karr, to whom, in due time, a master's deed was made. In 1890, on writ of error, this foreclosure case was heard by the Appellate Court on errors assigned apparent on the face of the record, and was affirmed by that court. (*Freeman* v. *Karr*, 34 Ill. App. 646.) In September, 1890, Charles Freeman and others filed their bill to review the foreclosure case, and one of the complainants and the defendant Karr dying in the meantime, the bill was amended in January, 1892, making the heirs parties.

The bill in this case charges that, just before and at the time of the rendering of said decree of foreclosure, William R. Freeman, one of the defendants in said suit, had employed and agreed with competent counsel to look after and protect the complainants in their rights and interests in the land described in said decree, and that the counsel so employed made an agreement with Karr's counsel that Karr's counsel would, after having drawn up the decree of foreclosure and before having the same signed by the court, submit such decree to Freeman's counsel for inspection; that in case of an error the same might be corrected, so as to make liable for the payment of the debt secured by said mortgage only the interests of the mortgagors in said lands, and none other; that in violation of said agreement the decree was never submitted to Freeman's counsel, but signed and recorded without the knowledge and consent of such counsel, thereby ordering the sale of all of said lots 1, 2 and 3, without reserving the rights of the other parties who had not joined in the mortgage, of whose rights Karr's counsel was advised. The bill prays for a reversal of the former decree, a finding of the rights of the parties, division and partition, and an accounting for rents. The case was heard by the court, and a decree entered find-

ing the allegations of the bill to be true, modifying the former decree, the master's certificate of sale and the master's deed, so as to release and discharge therefrom the interests of complainants as found by the court, ordering partition and an accounting as prayed. From this decree defendants have appealed to this court.

The only questions that arise on the errors assigned on the record are, do the facts here show a proper case for reviewing the decree complained of, and does the evidence in the record support the decree of the trial court.

That the facts set forth show a proper case for such a bill we have no doubt. If there was an agreement between the parties, by their counsel or otherwise, that the complainant in the original case should take a decree foreclosing his mortgage only as to the interest in the property which the mortgagors owned, and that the defendants would make no defense thereto, and that that agreement was violated, it can make no difference, so far as the jurisdiction of a court of equity is concerned, whether the agreement was violated by the complainant through fraud or mistake. The court found that there was an agreement and that it was violated by the complainant, and we cannot say that, from the evidence, the finding is not sustained. But it is apparent from the record that the case was such a one as that such violation may well have been caused by oversight and mistake on the part of the complainant's counsel. On its face the mortgage purported to convey the entire lots, the interests of the mortgagors not being specified. Afterward one of the mortgagors died intestate. Her interest in the lots descended to her brothers and sisters, some of whom had not been made parties to the bill, and they were brought in by an amended and supplemental bill and summons issued thereon. The case was on the docket a long time and all parties were in court, but the new defendants were liable to respond only to the extent of the interest they inherited from their sister, one of the mort-

gagors, and not for the interest which had been devised to them by the testator, and it may well be that by the inattention or forgetfulness of the complainant a decree broader in its scope than that agreed upon was taken, the defendants relying upon such agreement and making no defense. In such a case the error would not be apparent upon the face of the decree or of the record, and could only be brought to the attention of the court by such a bill as filed herein. In *Knobloch* v. *Mueller*, 123 Ill. 554, it was among other things said, that decrees entered by consent cannot be reversed, set aside or impeached by bill of review or bill in the nature of a bill of review, except for fraud, unless it be shown that the consent was not in fact given or something was inserted as by consent that was not consented to; and in *Cox* v. *Lynn*, 138 Ill. 195, that a bill of review does not lie to vacate or review a decree entered by consent, unless the consent of the parties was obtained by fraud or mistake. (See, also, authorities there cited, and 3 Ency. of Pl. & Pr. 570-573.) The fact that a default was taken against the defendants instead of the consent appearing by the decree can make no difference. Ibid. 608, and note; *Ogilvie* v. *Herne*, 13 Ves. Jr. 563; *Pfeltz* v. *Pfeltz*, 1 Md. Ch. 455.

Among other things, A. S. Wilderman, who seems to have acted for the defendants to the original bill, testified: "I was spoken to by a number of these colored people,—some of the Freeman family. I remember having a very long trouble and conferring a good many times in ascertaining the names of those heirs and getting the matter arranged. I never asked for any fee and I did not get any. I filed no pleadings in the case for them, because I told them at the outset that Mr. Karr was entitled to foreclose that mortgage for the interest of these sisters in there who executed it. I told counsel for Karr he was entitled to a decree against these people to the extent of the interest these parties inherited from their sister, and that I had told the people that there was no

use to make any defense as to that, and I said to him, if he drew the decree as to sell the interest which they inherited there,—as I understood it they had an interest independent of the interest they inherited from the mortgagors,—and if he would draw the decree so as to sell the interest which they had inherited from the mortgagors, that was all right,—I had not a word to say; and my recollection of that matter is that he made use of the remark, 'certainly.' I am not quite sure, but think I may have said to him to let me see the decree before it was finally passed upon, but I did not see the decree."

Counsel for Karr testified that Wilderman was master in chancery while the foreclosure suit was pending, and had interested himself a great deal in regard to finding out the heirs, but that he did not consider him as counsel in the case; that he had an indistinct recollection that there was something said about the decree; that the impression was on his mind that at the time the decree was made he had nothing on his mind,—no knowledge that the defendants had any interests not covered by the mortgage; that he used a printed form in drawing the decree; that he was not conversant with the heirship and did not bother himself any further by looking for the heirs, and that he did not make any arrangement with anybody that he did not fulfill. In answer to the question as to whether or not there was an agreement made, as stated by appellees' counsel, to show him the decree, he answered: "Whatever might have been said was said after a default was taken."

There was also some evidence as to the possession by Karr and his counsel, before the foreclosure bill was filed, of an abstract of the title of the property, and the abstract was offered in evidence, but it is not contained in the certificate and we cannot presume as to its contents. *Brooks* v. *Martin,* 64 Ill. 389; *McKean* v. *Vick,* 108 id. 373.

It is apparent that the evidence was conflicting, but the testimony was taken in open court, and we see no suf-

ficient ground for disturbing the finding of the learned chancellor who heard the evidence.

We have examined the many authorities cited by the counsel for appellants, but they do not sustain counsel's contention,—to the extent, at least, of overthrowing this decree.

Among other grounds urged for reversal, it is said that the affirmance of the foreclosure decree by the Appellate Court was a bar to this suit. That affirmance was on a writ of error, for errors apparent on the face of the decree. In *Schaefer* v. *Wunderle*, 154 Ill. 577, this court said (p. 583): "A distinction, however, is drawn between a bill of review for error apparent upon the face of the decree and one based on newly discovered evidence." (See, also, cases there cited.) This bill is not predicated on errors apparent upon the face of the decree, but is brought to impeach the decree on the ground of fraud and mistake. On this question there has been no adjudication by the Appellate Court, and on this question we think the evidence was sufficient to show that by oversight or mistake of counsel for the complainant in the foreclosure suit the agreement made with the defendants therein to confine the decree to the interests in the property actually covered by the mortgage, and which agreement the defendants relied upon and therefore made no defense, was not kept, and that thereby property not in any way subject to the mortgage was, under the decree, sold to satisfy the same, and purchased and a deed obtained therefor by the mortgagee, Karr. Not to reform such a decree, where no rights of third persons have intervened, would be to perpetrate a gross fraud, by judicial proceedings, on these otherwise defenseless owners.

Finding the record to be free from substantial error, we affirm the decree. *Decree affirmed.*