## George E. Krieger v. Emily Bert Krieger.

### Gen. No. 11,907.

1. FINDING OF CHANCELLOR—*when not conclusive.* The finding of a chancellor based solely upon an affidavit is not conclusive, and the Appellate Court will refer to such affidavit to determine for itself whether such finding is correct.

2. DECREE—*within what time, may be set aside.* A court entering a decree has control thereof during the term at which it is entered and may, on good cause shown, amend or set it aside during such term.

3. DECREE—*how cannot be impeached for fraud.* A consent decree cannot be impeached for fraud by a mere motion. An original bill in the nature of a bill of review is essential for that purpose.

4. DECREE—*when cannot be impeached for fraud.* A decree cannot be impeached for fraud where it was entered by consent and such consent was induced by promises which were not kept and which may not at the time have been intended to be kept. There must appear to have been a false representation of a material fact.

5. NOTICE—*when party deemed to have.* Notice to the solicitor of a party over whom the court has acquired jurisdiction, is notice to him, and this is true notwithstanding a final decree has been entered in the cause. The right so to serve a party continues until the court has lost control over such decree.

Divorce proceeding. Error to the Circuit Court of Cook County; the Hon. EDWARD O. BROWN, Judge, presiding. Heard in this court at the October term, 1904. Reversed. Opinion filed May 29, 1905.

**Statement by the Court.** March 26, 1903, the defendant in error, who will hereafter be referred to as complainant, filed in the Circuit Court against plaintiff in error, hereinafter referred to as defendant, a bill for divorce, alleging, as ground for divorce, adultery with one Rose Adams and others not named in the bill. The bill prayed, among other things, for a temporary injunction restraining the defendant from alienating or disposing of property described in the bill, and for the custody of Eddy Bert Krieger, a minor child of the parties, and the court granted a temporary injunction as prayed. George E. Krieger, the defendant, answered denying the material allegations of the bill. His answer is signed by himself and is also signed, " James Lane Allen, George N. Morgan & Bro., solicitors and of counsel." A replication was filed.

Krieger v. Krieger.

June 26, 1903, the following order 'was entered in the cause: "On motion of complainant's solicitor, it is ordered that this cause be and the same is hereby dismissed out of this court, without costs." July 14, 1903, the following entry was made in the cause: "This day came the complainant, by her solicitor, and moves the court to vacate and set aside the order of dismissal heretofore entered, which motion was continued." July 18, 1903, complainant's solicitor, Mr. Charles C. Gilbert, appeared in court, read a notice to Mr. James Lane Allen, that on Saturday, July 18, 1903, at ten o'clock A M., he, Gilbert, would appear before Judge Gibbons, one of the judges of the Circuit Court, and move the court to vacate and set aside the order dismissing the bill of complaint, and would read in support of said motion an affidavit accompanying the notice. Attached to the notice is an affidavit of Gilbert to the effect that he served the notice by leaving with James Lane Allen, personally, copies of the notice, motion and affidavit July 17, 1903. The affidavit mentioned in the notice in support of the motion, and which was read in support thereof, is quite lengthy. It is in substance as follows: After deposing that the affiant is solicitor for the complainant, and stating that the defendant was restrained, by the temporary injunction, from interfering with the complainant's custody and control of her son, Eddy Bert Krieger; that thereafter the injunction was modified by the court, permitting the defendant to have the custody of the child for certain hours during daylight, on each and every Sunday, until further order; that about June 8, 1903, affiant came to the conclusion that the charges of adultery in the bill could not be sustained by any evidence then within the knowledge of affiant or of the complainant, "on account of a certain witness, upon whom affiant had relied to sustain said charges of adultery, repudiating the allegations or statements made by said witness before said bill was filed;" that affiant notified James Lane Allen, defendant's solicitor, of his said conclusion, and negotiations were opened for an amicable settlement; that defendant, by his said solicitor,

proposed to affiant that the bill should be dismissed, and thereafter, that defendant should be permitted to have the custody of his son, Eddy Bert Krieger, during vacation time, for two or three days at a time; that said proposition was submitted to complainant by affiant, and she rejected it, of which defendant's solicitor was notified by affiant. The affidavit continues as follows:

"The complainant would not agree to the proposition, because the said child is of tender years and had never been absent from her care over night. These negotiations were continued and carried on until the 26th day of June, 1903, when the said parties, through their respective solicitors, agreed, among other things, that the said bill should be dismissed, and that the said respondent should have the custody of said child thereafter upon one day in each week, and until a court of competent jurisdiction should at some future time fix the status of said child respecting its said parents; but it was distinctly understood and agreed that under no circumstances was said child to be kept away from the complainant after dark.

Affiant further states that the said complainant then and there, relying upon said agreement made as aforesaid and upon the good faith of said respondent, directed this affiant, as her solicitor, to dismiss said bill of complaint, which was accordingly done on the 26th day of June, 1903. And thereafter the said respondent, George E. Krieger, called at complainant's residence for the said child one or more times, upon which occasion or occasions, the complainant acting in good faith and believing in the good faith of respondent, placed the said child in respondent's custody for the purpose of carrying out her part of said agreement. Upon these occasions the said respondent promptly returned the said child to complainant's custody strictly in accordance with said agreement.

But thereafter, on Wednesday afternoon, the 8th day of July, 1903, the said respondent called for said child as he had previously done, and complainant, believing in the good faith of the said respondent, and that he would strictly adhere to his said agreement, permitted her son to leave her residence, believing that the said respondent would return her son to her, as he had habitually done theretofore; but affiant states that the said respondent has not returned said child to the complainant, and upon information and belief, affiant states the said respondent does not intend to return

Krieger v. Krieger.

said child, but on the contrary proposes to retain the custody of said child in defiance of said agreement, and for the purpose of annoying and seriously disturbing the peace and quiet of complainant, and to prevent complainant from having the benefit of any lawful rights that she may have respecting the custody of said child.

This affiant further states that on the 8th day of July, the following letter was received by the complainant:

'7–8, '03.

Mrs. E. KRIEGER, City:

Have tried in vain to reach you by 'phone to say that we are going on an excursion to Cedar Lake for a day or two. Shall take good care of Eddy and let you know to-morrow at what time he will be back.

Yours, (Signed) DR. KRIEGER.'

and thereafter the following postal cards were received by the complainant, the originals of which in the handwriting of the said respondent, George E. Krieger, are ready to be produced:

'CEDAR LAKE, 7–9, '03.

Mrs. E. KRIEGER, Chicago:

Eddy wants me to say that he has a very good time and would like to stay another day. Will be home Saturday afternoon.

Sincerely, (Signed) G. KRIEGER.'

'Mrs. E. KRIEGER:

Have decided to extend my trip with Eddy another week or so, and shall mail details next week. Eddy is well and sends his love. Yours, etc.,

(Signed) DR. G. E. KRIEGER,'

which postal card was received by the complainant July 12, 1903.

And affiant further states, upon information and belief, that said letter and postal cards were caused to be mailed to the complainant by the said respondent by some one or more persons unknown to this affiant or to the complainant, and the said letter and postal cards were mailed to quiet any suspicion which might be aroused in the complainant's mind by the unexpected absence of her son.

Affiant also states that on Saturday, the 11th day of July, 1903, upon information and belief, the said respondent caused some person unknown to this affiant or to complainant, to telephone from some point in the city of Chicago to the complainant a message in substance that the said respondent would not return the said Eddy Bert Krieger to the complainant Saturday night, July 11, 1903.

Affiant further states upon information and belief that the said respondent has taken the said child, Eddy Bert Krieger, and fled the jurisdiction of this county, and on Wednesday evening July 8, so affiant is informed, the said respondent took passage with the said child over the Erie Railroad for New York city, and that he took with him at said time three pieces of baggage, which were checked to New York city, and paid while on the train half fare for the transportation of said child to New York city.

Affiant further states that he has been unable to locate said respondent's precise destination, but believes from such information as he has, that said respondent has gone to Neumünster, Holstein, Germany, for the purpose of hiding and secreting said child, and for the purpose of placing him beyond the jurisdiction of this court and beyond the control and custody of the complainant, and for the purpose of carrying out and consummating the scheme of fraud and deception which affiant states the said defendant had conceived and determined to perpetrate before said agreement was made, upon the court, his own solicitor, the solicitor for the complainant and the complainant.

Affiant further states that since said bill of complaint was dismissed and since the flight of said respondent, he has been furnished with new and additional evidence and which was unknown to the complainant or this affiant at the time said bill of complaint was dismissed, and affiant further states that he is of the opinion that said new and additional evidence strongly tends to sustain the charges of adultery in said bill of complaint, and that it is of such a character as would entitle the complainant to the relief for which she has asked in said bill of complaint, as well as the absolute custody and control of said child.

Affiant further states that he believes that Mr. James Lane Allen, the solicitor for the said respondent, acted in absolutely good faith with this affiant in the making of said agreement, and that the said Allen was in no way consulted or in any manner concerned in the flight of the said respondent, nor in the fraud thus perpetrated upon the complainant."

The court, July 18, 1903, allowed said motion, and acting solely on Mr. Gilbert's affidavit, set aside the order dismissing the cause. The order concludes as follows:

"It is further ordered that the clerk of this court re-docket said cause.

Krieger v. Krieger.

And this cause coming on further to be heard on the motion of the solicitor for complainant, for an order upon said defendant to return said child, Eddy Bert Krieger, to the jurisdiction of this court and to the control and custody thereof, and the court being fully advised in the premises, doth find that the said child, Eddy Bert Krieger, has been since the filing of said bill of complaint and is now a ward of this court and ought to be within the control and custody of this court.

It is therefore ordered, considered, adjudged and decreed by the court, that the said defendant, George E. Krieger, forthwith return said child, Eddy Bert Krieger, to the jurisdiction and to the custody and control of this court, there to stand and abide such other and further order in the premises as to justice and equity shall pertain."

May 4, 1904, the court rendered a final decree, dissolving the marriage relation between the complainant and the defendant, adjudging that the complainant have the custody of her son, Eddy Bert Krieger, and be allowed to resume her maiden name, and for alimony and solicitor's fees. Subsequently motions were made on behalf of defendant, Krieger, to set aside the final decree and all orders subsequent to June 26, 1903, when the bill was dismissed.

RUBENS, FISCHER, MOSSER & RIGBY, for plaintiff in error.

CHARLES C. GILBERT, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The contention of counsel for plaintiff in error is, that the order of July 18, 1903, vacating the decree of June 26, 1903, and reinstating the cause, is void for want of jurisdiction, and that all orders subsequent to June 26, 1903, when the bill was dismissed, on motion of complainant's solicitor, including the final decree of divorce, are void for want of jurisdiction.

The court, in the order of July 18, 1903, finds that it has jurisdiction of the parties and the subject-matter, and also finds that the defendant, Krieger, perpetrated a fraud on the court and on his own solicitor, Mr. James Lane Allen. But it appearing from the record that the order reinstating

the cause is based solely on the affidavit of Mr. Charles C. Gilbert, the finding that the defendant perpetrated a fraud on the court, is not conclusive, and the affidavit may be referred to in determining that question.    It is stated in Mr. Gilbert's affidavit that "the said parties, through their respective solicitors, agreed, among other things, that the said bill should be dismissed, and that the said respondent should have the custody of said child thereafter upon one day in each week, and until a court of competent jurisdiction should, at some future time, fix the status of said child, respecting its said parents; but it was distinctly understood and agreed that under no circumstances was said child to be kept away from complainant after dark. Affiant further states that the said complainant, then and there, relying upon said agreement, made as aforesaid, and upon the good faith of said respondent, directed this affiant, as her solicitor, to dismiss said bill of complaint, which was accordingly done on the 26th day of June, 1903." The bill was dismissed by complainant's solicitor, as was agreed between the parties; no artifices were resorted to for the purpose of deceiving or misleading the court.    The affidavit does not support the finding that the defendant perpetrated a fraud on the court, and we cannot concur in that finding.    June 26, 1903, when the bill was dismissed, and July 18, 1903, when the cause was reinstated, were both days of the June term, 1903.    The court has control of a judgment or decree during the term at which it is rendered, and may, on good cause shown, amend or set it aside during such term.    Stahl v. Webster, 11 Ill., 511; Smith v. Vanderburg, 46 Ill. 34; Edwards v. Irons, 73 Ill. 583; Shannahan v. Stevens, 139 Ill. 428.

In Smith v. Vanderburg the court say : "During the term the record of every cause is in the breast of the court, and such amendments may be made by the court, on its own motion, after inspection thereof, as justice and the right of the case may seem to require."

In Edwards v. Irons, the court say : " There is no rule of practice better settled or more uniformly recognized than

that the record of a judgment is under the control of the court during the term at which it is rendered." This statement of the law necessarily involves that the court, during the term at which a judgment or decree is rendered, retains jurisdiction of the parties and the subject-matter of the litigation; which being so, the court had jurisdiction of the defendant, Krieger, when the order of July 18, 1903, vacating the order of June 26, 1903, and reinstating the cause, was rendered. And if the court had jurisdiction of the defendant, the notice served by complainant's solicitor on Mr. James Lane Allen, defendant's solicitor, was notice to the defendant. Mr. Allen was retained as defendant's solicitor in the cause, and was, when the notice was served upon him, defendant's solicitor of record, and he and the defendant were bound to take notice of the law, that the decree of June 26th, was in the breast of the court during the term.

It is manifest that, to hold that an attorney or solicitor is not authorized to appear for his client after the rendition of a judgment or decree, and during the term at which it is rendered, and while, in contemplation of law, it remains in the breast of the court, would not only be extremely inconvenient to the court and suitors, but, if a party should remove beyond the jurisdiction of the court, as the defendant is alleged to have done in the present case, might result in injustice. In U. S. v. Curry, 6 How. marg. p. 110, a decree was rendered by the United States District Court for the Louisiana district, an appeal was taken to the Supreme Court of the United States, and a citation was issued to the appellees, requiring them to appear in the latter court at a time specified in the citation, and was served by the marshal on the attorney for the appellees in the District Court. An affidavit of the attorney was filed in the Supreme Court, stating that at the time of service on him he was not attorney for the appellees, that his fee had been paid, and that he had been discharged as appellees' attorney, and that he so informed the marshal at the time of service on him. In respect to the service, the court say: "No at-

torney or solicitor can withdraw his name, after he has once entered it upon the record, without leave of court; and while his name continues there, the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself; and we presume that no court would permit an attorney who had appeared at the trial, with the sanction of the party, expressed or implied, to withdraw his name after the case is finally decided. For, if that could be done, it would be impossible to serve the citation where the party resided in a distant country or whose place of residence was unknown, and would in every case occasion unnecessary expense and difficulty, unless he lived at the place where the court was held, and so far from permitting an attorney to embarrass and impede the administration of justice by withdrawing his name after trial and final decree, we think the court should regard any attempt to do so as open to just rebuke."

In Tripp v. Santa Rosa St. R. R. Co., 144 U. S. 126, which was error to reverse a judgment of the Superior Court of California, notice of the citation was served on the attorney of record of the defendant in error by mail, and the court, citing with approval United States v. Curry, held the notice sufficient.

Similar service was held sufficient in Miller v. Miller, 37 How. Pr. R. 1, and Doane v. Glenn, 1 Colorado, 454. See, also, Lusk v. Hastings, 1 Hill, 656, 662.

Appellant's counsel say of the cases cited that "they are simply contrary to the rule of this State laid down in Swift v. Allen," which case is mainly relied on by counsel for defendant in support of the contention that the service on defendant's solicitor of notice of the motion to vacate the order of June 26, 1903, was a nullity. In that case the complainant in a bill in equity, which was dismissed, gave notice, after the expiration of the term at which the decree was rendered, to the former solicitor of the defendant of a motion for a material amendment of the decree, and the court granted the motion. Held, that the notice to the

Krieger v. Krieger.

former solicitor for the defendant was of no avail, " because his connection with the suit had terminated with the final decree," and that the order amending the decree was a nullity. The court, in the opinion, say : " At a subsequent term this decree was amended on motion." In the present case, the motion was made and notice served at the term at which the decree dismissing the bill was rendered. Our conclusion is that the court had jurisdiction to hear and determine the motion. Whether the court erred in granting the motion is another question. Counsel for defendant contend that the court erred in sustaining the motion, for two reasons : first, because the decree was by consent, and therefore, could not be vacated or set aside on motion, but only by original bill; and second, that the defendant's alleged breach of his agreement was not, in legal contemplation, such fraud as warranted the vacation of the dismissal decree. It is not expressed in the decree dismissing the bill that it was dismissed by consent, but it appears by the affidavit of Mr. Gilbert, complainant's solicitor, that the bill was, in fact, dismissed by agreement between the parties, and the court, in the order vacating the decree dismissing the bill and reinstating the cause, finds " that the parties hereto entered into the agreement as set forth in the affidavit." In Armstrong v. Cooper, 11 Ill. 540, the defendant in error pleaded specially that the decree sought to be reversed was entered by agreement and consent, to which plea the plaintiff in error demurred, objecting that the party pleading could not show outside the record that the decree was rendered by consent, inasmuch as the record showed that it was rendered by default. But the court held the plea good, saying : " A decree which is entered by the agreement or consent of the parties, or their counsel, ought, more properly, to state that fact upon its face. 2 Daniell's Chan. Pl. & Prac. 1214. But we have found no authority for saying that that is indispensable, or that it can only be shown by the record that the decree was so entered." So far as we can find, this holding has never been overruled, modified or explained. The court, in

the case cited, also say : "A decree by consent cannot be appealed from, nor can error be properly assigned upon it. Even a rehearing cannot be allowed in the suit, nor can the decree be set aside by a bill of review."

In Knobloch v. Mueller, 123 Ill. 554, 565, the court say: "Decrees of courts of chancery, in respect of matters within their jurisdiction, are as binding and conclusive upon the parties and their privies as are judgments at law; and a decree by consent, in an amicable suit, has been held to have an additional claim to be considered final. (Alleson v. Stark, 9 A. & E. 225.) Decrees so entered by consent cannot be reversed, set aside or impeached by bill of review or bill in the nature of a bill of review, except for fraud, unless it be shown that the consent was not, in fact, given, or something was inserted as by consent that was not consented to." Citing, Armstrong v. Cooper, and other authorities.

In Cox v. Lynn, 138 Ill. 195, 204, the court say : "A bill of review does not lie to vacate or review a decree entered by consent, unless the consent of the parties was obtained by fraud or mistake."

In First Nat. Bank v. Ill. Steel Co., 174 Ill. 140, 154, the court cite with approval Armstrong v. Cooper, and quote with approval the language, "a decree by consent cannot be appealed from," etc.

It has been held that, even when a consent decree has been induced by fraud, relief cannot be had on mere motion but only by original bill. 2 Daniell's Ch. Pl. & Pr. 5th ed. 1472; Ib. 973–4; Monell v. Lawrence, 12 Johns. Rep. 521, 534–5; Edney v. Edney, 81 N. C. 1; Harrison v. Rumsey, 2 Vesey Sr., top p. 488; Bradish v. Gee, Ambler's Chan. R. 229; Williams v. Neil, 4 Heisk. (Tenn.) 279.

In Monell v. Lawrence, *supra*, the court say : "There is, also, another objection to the mode adopted by the appellant to obtain relief in the court below, even if an application for relief could in any way be sustained; it is an attempt to set aside, upon motion, a decree entered by consent of parties. This is against the established mode of proceedings in chancery. The case of Harrison v. Rumsey

(2 Ves. 488), came before the court upon petition, and Lord Hardwick said he would by no means set aside a decree obtained by consent of counsel on both sides, for it would be most dangerous, and it was an established rule not to do it nor would he make the precedent.   There was, he said, a good while ago, an appeal of that kind in the house of lords, who desired the party to bring an action against the counsel; if they could prove a collusion on the counsel, it would be a different thing; and in the case of Bradish v. Gee (Ambler, 229), the same lord chancellor said, where a decree is made by consent of counsel, there lies not an appeal or rehearing, though the party did not really consent; but his remedy is against his counsel.   But if such decree was by fraud and covin, the party may be relieved against it, not by rehearing or appeal, but by original bill."

In Williams v. Neil, *supra*, the court say:   "It is well settled that there lies no appeal or rehearing from a decree by consent, and such decree can only be impeached by an original bill in the nature of a bill of review, when it has been obtained by fraud or imposition," citing cases.   In Karr v. Freeman, 166 Ill. 299, the court held that an original bill, in the nature of a bill of review, is a proper remedy in a case in which a decree has been entered in violation of an agreement between counsel, and say:   "So far as the jurisdiction of a court of equity is concerned, it can make no difference whether the agreement was violated by the complainant by fraud or mistake."   Also, the language of the court in Cox v. Lynn, *supra*, namely:   "A bill of review does not lie to vacate or review a decree entered by consent unless the consent of the parties was obtained by fraud or mistake," indicates that a bill of review, or bill in the nature of a bill of review, is the proper remedy in such case. It would seem to follow logically, from the unqualified opinion in Armstrong v. Cooper, that a decree by consent cannot be appealed from, nor a rehearing allowed, and that relief cannot be obtained on mere motion.   The reason of the rule is thus stated in 5 Ency. of Pl. & Pr. 961, 962: "A consent decree is not, in a strict legal sense, 'a judicial

sentence,' but it is in the nature of a solemn contract and it is an elementary principle that it cannot be amended or in any way varied, without the like consent, nor can it be reheard in the court that rendered it, appealed from, nor reversed upon a writ of error or bill for review." * See, also, McEachern v. Kerchner, 90 N. C. 177, to the same effect.

We will next consider the charge of fraud. The only matter charged as fraud in Mr. Gilbert's affidavit is, that the defendant, after agreeing June 26, 1903, that he should have the custody of the child, Eddy Bert Krieger, one day in each week, and until the child's status, in respect to his parents, should be fixed by a court of competent jurisdiction, and under no circumstances should the child be kept from the complainant after dark, violated his agreement by taking the child with him to Germany, as the affiant has been informed and believes, for the purpose of secreting and placing the child beyond the jurisdiction of the court. In other words, that the defendant broke his alleged promise, on which the complainant relied, in agreeing to dismiss her bill. Was the alleged breach of promise a fraud which would warrant the court in vacating the decree of June 26, 1903, on the hypothesis that a motion was the proper remedy? We think not. There was no representation of any existing fact. Even though there was a false representation of intention, or that when the defendant made the alleged agreement or promise, he did not intend to keep it, this would not constitute fraud. People v. Healy, 128 Ill. 9. In the case cited the court quotes, with approval, the following from Gage v. Lewis, 68 Ill. 604: "It cannot be said that these representations and promises were false when made, for, until the proper time arrived, and the plaintiff refused to comply with them, it could not positively be known that they would not be performed. Even if, at the time they were made, it was not intended to comply with them, it was but an unexecuted intention, which has never been held, of itself, to constitute fraud. If they legally amount to anything, they constitute a contract." And in the same case it is said: "A promise

to perform an act, though accompanied, at the time, with an intention not to perform, is not such a representation as can be made the ground of an action at law. The party should sue upon the promise."

In Haenni v. Bleisch, 146 Ill. 262, a father purchased a tract of land and procured conveyance thereof to his two daughters, Eva and Catherine. Subsequently, he requested Eva to convey to Catherine her undivided interest in the land, which Eva did, on her father's promise to pay to her in money the value of her interest so conveyed to Catherine. Her father did not keep his promise, and Eva filed a bill alleging fraud. The lower court dismissed the bill for want of equity, and the court affirmed the decree, saying, among other things: "If, therefore, a court of equity can be resorted to, on the facts here alleged, to annul a deed of conveyance to real estate, then in every case in which there is a breach of the vendee's contract to pay for the land conveyed, the vendor can avoid the deed. Certainly no one will contend that such is the law. A false representation, within the meaning of the law, 'must be as to a past or present state of facts—not merely as to an intention as to the future.' Gage v. Lewis, 68 Ill. 604, citing Kerr on Fraud and Mistake, 88, wherein it is said: 'As distinguished from the false representation of a fact, the false representation as to a matter of intention not amounting to a matter of fact, though it may have influenced a transaction, is not a fraud in law.' Also, Gallager v. Brunel, 6 Cow. 346, holding 'that to warrant an action for a deceitful representation it must assert a fact or facts as existing in the present tense. A promise to perform an act, though accompanied at the time with an intention not to perform, is not such a representation as can be made the ground of an action at law. The party should sue upon the promise, and if this be void he has no remedy.' "

Counsel for defendant contend that the evidence is insufficient to support the decree of divorce, rendered May 4, 1904, and counsel for complainant contends that there is no proper certificate of evidence. In view of our conclusions, we do not deem it necessary to pass on these contentions.

Our conclusions are that the court erred in its order of July 18, 1903, in setting aside and vacating the decree of June 26, 1903, and reinstating the cause, and that all orders in the cause, including the divorce decree of May 4, 1904, entered after June 26, 1903, except the order of August 13, 1904, and the order allowing defendant an appeal from that order, were and are erroneous. Therefore, the order of July 18, 1903, vacating the decree of June 26, 1903, and reinstating the cause, and also all orders subsequent to June 26, 1903, including the decree of May 4, 1904, granting complainant a divorce, except the order of August 13, 1904, and the order granting defendant an appeal from that order, will be reversed, and our opinion being that the Circuit Court cannot, on motion, vacate or set aside the decree of June 26, 1903, the cause will not be remanded.

*Reversed.*

Mr. Justice Brown took no part in the decision of this case.